UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ROBERT YBARRA JR., ) | |
| ) | |
| Petitioner, ) | 3:00-CV-0233-ECR-RAM |
| ) | |
| vs. ) | |
| ) | **ORDER** |
| E.K. McDANIEL, *et al.*, ) | |
| ) | |
| Respondents. ) | |
| ) | |

On October 31, 2006, this court entered an order denying petitioner Robert Ybarra Jr.'s petition for writ of habeas corpus on the merits and directing entry of judgment. Docket #145. Ybarra has filed a motion for reconsideration of that order pursuant to Rule 59(e) of the Federal Rules of Civil Procedure. Docket #148. Respondents have filed an opposition to the motion (docket #150), to which Ybarra has filed a reply (#151).

The cognizable grounds for relief under Rule 59(e) are well established by case law:

> Amendment or alteration is appropriate under Rule 59(e) if (1) the district court is presented with newly discovered evidence, (2) the district court committed clear error or made an initial decision that was manifestly unjust, or (3) there is an intervening change in controlling law.

*Zimmerman v. City of Oakland*, 255 F.3d 734, 740 (9th Cir. 2001) (citation omitted). A Rule 59(e) motion may not be used to re-litigate previously decided issues, or to raise arguments or present evidence that could have been raised prior to the entry of judgment. 11 Wright & A. Miller, *Federal*

*Practice and Procedure* § 2810.1.

While Ybarra seeks reconsideration of this court's decision on the substantive merits of certain claims for relief, a far greater portion of his Rule 59(e) motion is devoted to challenging various procedural rulings the court made well before the October 31, 2006, order directing the entry of judgment against him. While interlocutory procedural rulings may not necessarily be beyond the purview of a proper Rule 59(e) motion, most of Ybarra's stated grounds for reconsideration are based on either (1) arguments previously presented and rejected or (2) facts or legal theories that could have been brought to the court's attention well before the entry of judgment.

As an example of the latter, Ybarra contends that this court should address claims previously determined to be unexhausted because the claims were eventually exhausted by means of a fourth state petition for post-conviction relief filed while his federal petition was pending in this court. However, Ybarra neglected to notify this court, until now, that the Nevada Supreme Court had ruled upon the appeal of the denial of the fourth state petition in November of 2005. Instead, he remained silent while this case proceeded to a decision on the merits and the entry of judgment. Under these circumstances, the court is not willing to reopen proceedings to consider the merits of the claims that Ybarra contends are now exhausted. Moreover, Ybarra has not shown that the court's failure to address the claims at issue will result in a manifest injustice or that the claims otherwise warrant reconsideration pursuant to Rule 59(e).

As additional grounds for reconsideration, Ybarra claims that this court made erroneous procedural rulings when it (1) dismissed several claims as procedurally defaulted and (2) required him to dismiss unexhausted claims under threat of dismissal. Both of these issues were previously litigated by the parties and decided by the court, first in relation to respondents' motion to dismiss and then in relation to Ybarra's subsequent motion for reconsideration. Docket ## 93/108. Similarly, Ybarra contends that this court erred in its procedural rulings that resulted in the dismissal or abandonment of Claims Three, Seven, Twelve, Fourteen, and Thirty-three, but in doing so, relies

on arguments and/or case citations that, for the most part, could have been presented in his briefing on the aforementioned motions. Docket ##79/96/107. The one intervening case to which Ybarra cites, in relation to the purported exhaustion of Claim12, does not warrant reconsideration of the court's ruling that the claim was unexhausted. As such, Ybarra's request that the court reconsider the foregoing procedural rulings is denied.

Ybarra's motion does include a challenge to a procedural ruling that is neither an attempt to re-litigate a previously decided issue, nor a matter that he could have raised prior to the entry of judgment; namely, he contends that the court erred in using 28 U.S.C. § 2254(e) to reject exhibits submitted with his petition. Though new, Ybarra's argument for reconsideration of this issue is nonetheless unavailing inasmuch as he has not shown that the court committed clear error or that there has been an intervening change in controlling law. The court's decision to reject the newly-submitted evidence is well supported by case law. *See Holland v. Jackson*, 542 U.S. 649, 652-53 (2004) (per curiam); *Cooper-Smith v. Palmateer*, 397 F.3d 1236, 1241 (9th Cir. 2005).

Ybarra has also failed to convince this court that it should reconsider its decision to deny Claim One on the merits or that it should stay a final decision on his petition until the United States Supreme Court issues a decision in *Whorton v. Bockting*, No. 05-595, *cert.granted*, 126 S.Ct. 2017 (2006). With respect to Claim One, Ybarra takes issue with this court's determination that he is not entitled to habeas relief based on the state trial court's use of an unconstitutionally vague aggravating factor jury instruction, namely, the depravity of mind instruction. Ybarra is mistaken, however, in asserting that this court failed to abide by holdings in *Valerio v. Crawford*, 306 F.3d 742 (9th Cir. 2002) in denying relief. Instead, this court closely adhered to the analysis prescribed in *Valerio*, but simply arrived at a different *Brecht*[1] harmless error conclusion based on facts that are distinguishable from those found in *Valerio*.

---

[1] *Brecht v. Abrahamson*, 507 U.S. 619 (1993).

1    In addition, this court did not misapply the *Robins*[2] narrowing construction in the
2 context of its harmless error analysis of Claim One. The Nevada Supreme Court in *Robins* construed
3 the "torture, depravity of mind, or mutilation" instruction "as requiring torture, mutilation or other
4 serious and depraved physical abuse beyond the act of killing itself, as a qualifying requirement to an
5 aggravating circumstance based in part upon depravity of mind." 106 Nev. at 629, 798 P.2d at 570.
6 Ybarra urges a reading of *Robins* under which the phrase "beyond the act of killing itself" would
7 serve to eliminate as an aggravating circumstance any act that caused the death of the victim. In
8 other words, according to Ybarra's argument, the aggravating circumstance would not apply to any
9 level of mutilation, torture, or physical abuse as long as it caused the death of the victim. This court
10 does not agree that *Robins* limited the "torture, depravity of mind, or mutilation" aggravator in such
11 a manner and, therefore, affirms its application of the narrowing instruction.

12    Lastly, Ybarra's request for a stay pending the United States Supreme Court's
13 decision in *Whorton v. Bockting*, No. 05-595, *cert.granted*, 126 S.Ct. 2017 (2006) is denied because,
14 regardless of outcome, it is not clear that the decision would assist in the resolution of any claim
15 currently before this court. See docket #145, p. 22, n. 14. Moreover, if the Supreme Court
16 eventually issues a decision in *Bockting* holding that the rule announced *Crawford v. Washington*,
17 541 U.S. 36 (2004) is retroactive, Ybarra may seek permission in the court of appeals to file a
18 successive habeas corpus petition. *See* 28 U.S.C. § 2244(b).

19    **IT IS THEREFORE ORDERED** that petitioner's motion for reconsideration
20 (docket #148) is DENIED.

21    DATED:   December 13, 2006

_____
UNITED STATES DISTRICT JUDGE

---

[2] *Robins v. State*, 106 Nev. 611, 798 P.2d 558 (1990).

4