UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ROBERT YBARRA, JR., | |
|     Petitioner, | 3:00-cv-0233-GMN-VPC |
| vs. | |
| TIMOTHY FILSON,[1] *et al.*, | **ORDER** |
|     Respondents. | |

Petitioner Ybarra is a Nevada prisoner sentenced to death. On October 31, 2006, this court entered a final judgment denying Ybarra's petition for writ of habeas corpus under 28 U.S.C. § 2254. ECF No. 146. The United States Court of Appeals for the Ninth Circuit affirmed that judgment. ECF No. 167. The United States Supreme Court denied Ybarra's petition for writ of certiorari. ECF No. 189.

While that appeal was pending, Ybarra filed a motion for relief from judgment under Rule 60(b) of the Federal Rules of Civil Procedure. ECF No. 176. The motion was premised on *Atkins v. Virginia*, 536 U.S. 304 (2002), which held that the Eighth Amendment prohibits a death sentence for

---

[1] Timothy Filson, current warden of Ely State Prison, is substituted as respondent in place of his predecessor Renee Baker. *See* Fed. R. Civ. P. 25(d) (providing that a public "officer's successor is automatically substituted as a party" when his or her predecessor "ceases to hold office while the action is pending").

persons who are intellectually disabled. This court denied the motion (ECF No. 228), and Ybarra's appeal of that decision remains pending before the Ninth Circuit.

Now before the court is another Rule 60(b) motion. ECF No. 271. With the current motion, Ybarra argues that his death sentence is unconstitutional in light of the Supreme Court's decision in *Hurst v. Florida*, 136 S.Ct. 616 (2016).

In *Hurst*, the Court held that Florida's capital sentencing scheme violates the Sixth Amendment right to a jury trial because, under the scheme, the jury renders an advisory verdict but the judge makes the ultimate sentencing determination. 136 S.Ct. at 624. In reaching that holding, the Court relied upon *Ring v. Arizona*, 536 U.S. 584 (2002), which held that any fact necessary for the imposition of the death penalty must be found by a jury, not a judge. 536 U.S. at 589. Ybarra argues this court's judgment denying habeas relief must be set aside because this court and the Ninth Circuit engaged in judicial fact-finding that, under *Hurst*, must be conducted by a jury.

Rule 60(b) entitles the moving party to relief from judgment on several grounds, including the catch-all category "any other reason justifying relief from the operation of the judgment." Fed. R. Civ. P. 60(b)(6). Because Ybarra seeks relief under subsection (b)(6), he must make a showing of "extraordinary circumstances," which "will rarely occur in the habeas context." *Gonzalez v. Crosby*, 545 U.S. 524, 535 (2005).

Rule 60(b) applies to habeas proceedings, but only in conformity with AEDPA,[2] including the limits on successive federal petitions set forth at 28 U.S.C. § 2244(b). *Gonzalez*, 545 U.S. at 529. If a Rule 60(b) motion seeks to add a new ground for relief or attack this court's previous resolution of a claim on the merits, it is, in substance, a successive habeas petition subject to the requirements of 28 U.S.C. § 2244(b). *Id*. at 531. If, however, the motion "attacks, not the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceedings," the motion is not a successive habeas petition. *Id*. at 532.

---

[2] The Antiterrorism and Effective Death Penalty Act.

Ybarra's motion clearly falls in the former category. Accordingly, this court is not permitted to address the merits of Ybarra's *Hurst*-based claim until Ybarra obtains authorization from the court of appeals pursuant to 28 U.S.C. § 2244(b)(3).

Ybarra argues that his motion is not a successive petition because his appeal is still pending before the Ninth Circuit. As noted above, however, only the appeal of this court's denial of *Atkins* relief remains pending. The portion of this court's disposition that Ybarra challenges with his current Rule 60(b) motion has been affirmed by the Ninth Circuit, and his petition for writ of certiorari has been denied by the United States Supreme Court.

Moreover, Ybarra does not cite to any controlling authority for the proposition that the pendency of his appeal excuses him from obtaining permission from the court of appeals to raise a new claim or re-litigate an old one. While a Second Circuit case arguably supports Ybarra's position (*Whab v. United States*, 408 F.3d 116 (2nd Cir. 2005)), opposing cases from other circuits are more persuasive. *See Ochoa v. Sirmons*, 485 F.3d 538, 541 (10th Cir. 2007) (holding that no controlling authority "suggests that whether a Rule 60(b) motion or other procedural vehicle may be used to circumvent § 2244(b) depends on the incidental fact that an appeal is or is not pending from the underlying habeas proceeding") and *Phillips v. United States*, 668 F.3d 433, 435 (7th Cir. 2012) ("Nothing in the language of § 2244 or § 2255 suggests that time-and-number limits are irrelevant as long as a prisoner keeps his initial request alive through motions, appeals, and petitions.").

Ybarra also argues that, even if § 2244 does apply, he is still entitled to relief because § 2244(b)(2)(A) permits him to pursue a claim that "relies on a new rule of constitutional law made retroactive to cases on collateral review by the Supreme Court that was previously unavailable." That provisions does not, however, provide a basis for this court to grant Ybarra's motion. Setting aside the absence of a decision from the Supreme Court making *Hurst* retroactive,[3] the determination

---

[3] The Court has held that *Ring*, the case on which *Hurst* is premised, applies only prospectively. *Schriro v. Summerlin*, 542 U.S. 348, 358 (2004).

under § 2244(b)(2)(A) is to be made by the court of appeals, not this court. *See* 28 U.S.C. § 2244(b)(3).

Based on the foregoing, this court must deny Ybarra's motion for relief under Rule 60(b).

In the event Ybarra chooses to appeal this decision, this court denies a certificate of appealability (COA).

Pursuant to 28 U.S.C. § 2253(c)(2), a COA may issue only when the petitioner "has made a substantial showing of the denial of a constitutional right." With respect to claims rejected on the merits, a petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (citing *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983)). For procedural rulings, a COA will issue only if reasonable jurists could debate (1) whether the petition states a valid claim of the denial of a constitutional right and (2) whether the court's procedural ruling was correct. *Id.*

The issue of whether Ybarra's Rule 60(b) motion should be treated as a successive petition under *Gonzalez v. Crosby* is not debatable among reasonable jurists and, therefore, does not warrant the issuance of a COA.

**IT IS THEREFORE ORDERED** that petitioner's motion for relief from judgment pursuant to Rule 60(b) (ECF No. 271) is DENIED.

**IT IS FURTHER ORDERED** that a certificate of appealability is DENIED with respect to this decision.

**IT IS FURTHER ORDERED** that petitioner's motion for extension of time (ECF No. 277) is GRANTED *nunc pro tunc* as of February 8, 2017.

DATED: March 17, 2017

_____
UNITED STATES DISTRICT JUDGE