UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

ROBERT YBARRA, JR.,

    Petitioner,

vs.

TIMOTHY FILSON, *et al.*,

    Respondents.

3:00-cv-0233-GMN-VPC

**ORDER**

On September 1, 2017, the United States Court of Appeals for the Ninth Circuit issued a decision vacating this court's order denying petitioner Ybarra's motion for relief from judgment under Rule 60(b) of the Federal Rules of Civil Procedure. *Ybarra v. Filson*, 869 F.3d 1016 (9th Cir. 2017). Ybarra's Rule 60(b) motion sought to re-open his federal habeas proceedings to allow him to add a claim based on *Atkins v. Virginia*, 536 U.S. 304 (2002), which held that the Eighth Amendment prohibits the execution of intellectually disabled persons. ECF No. 176. This court denied the motion upon concluding that Ybarra's *Atkins* claim would be futile because this court would be required to defer, under 28 U.S.C. § 2254(d),[1] to the Nevada Supreme Court's denial of the claim. ECF No. 228.

---

[1] Referred to in the court of appeals' decision as the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). *See Ybarra*, 869 F.3d at 1019.

The court of appeals identified two discrete errors in this court's AEDPA analysis:

> First, it overlooked a number of instances where the Nevada Supreme Court contradicted the very clinical guidelines that it purported to apply, which is especially problematic in light of the recent decision in *Brumfield v. Cain*, ─── U.S. ───, 135 S.Ct. 2269, 192 L.Ed.2d 356 (2015). Second, it erred when it refused to consider the Greenspan report.

*Ybarra*, 869 F.3d at 1023.

In relation to the first error, the court of appeals concluded that the Nevada Supreme Court's intellectual disability determination "passes muster under § 2254(d)(1)." *Id*. at. 1024. With respect to § 2254(d)(2),[2] however, the court of appeals determined that the Nevada Supreme Court made a "number of contradictory statements" that this court "overlooked." *Id*. at 1026-27. The court of appeals was careful to point out that it reserved judgment "as to whether the Nevada Supreme Court's intellectual disability determination was reasonable, in which case the district court should again defer to it; or unreasonable, in which case the district court should 'proceed to consider' Ybarra's *Atkins* claim de novo." *Id*. at 1019 (citation omitted).

The "Greenspan report" refers to a report "authored by Dr. Stephen Greenspan, . . . who criticized the state courts' analyses and argued that their opinions incorporated 'questionable lay stereotypes.'" *Id*. at 1020–21. Even though this report was not presented to the Nevada Supreme Court until Ybarra filed a second request for the court to reconsider the denial of his *Atkins* claim, the court of appeals held that it "was part of the [state court] record under *Pinholster*[3] because it was not expressly stricken." *Id*. at 1030 (footnote added). Once again, the court or appeals reserved judgment as to "whether the Greenspan report changes the outcome under AEDPA." *Id.* Thus, that issue is also before this court on remand.

---

[2] Under § 2254(d)(2), the federal court does not defer to a state court adjudication of a claim that "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."

[3] *Cullen v. Pinholster*, 563 U.S. 170 (2011).

2

In light of the foregoing, the court will set a schedule for the parties to brief the issues to be considered on remand. The briefs filed by the parties pursuant to this schedule should include any requests by the parties for leave to conduct discovery and for evidentiary hearings. With respect to the latter, the brief should specify what additional evidence the party seeks to present on the issue of Ybarra's alleged intellectual disability beyond that which is already included in the voluminous record currently before the court.

**IT IS THEREFORE ORDERED** that petitioner shall have 60 days from the date of entry of this order to file and serve a brief setting forth his position with respect to each of the issues to be addressed on the remand of this case from the court of appeals. Thereafter, respondents shall have 60 days to file and serve a responsive brief setting forth their positions with regard to those issues. After respondents file their responsive brief, petitioner shall have 30 days to file a reply.

DATED: November 21, 2017

_____
UNITED STATES DISTRICT JUDGE